United States District Court
Southern District of Texas
**ENTERED**
April 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROSETTA PEACOCK, ET AL., § | |
| § | |
| Plaintiffs. § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:20-cv-03945 |
| § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-1, and Carrington Mortgage Services, LLC's Motion to Enforce Settlement Agreement and Brief in Support ("Motion to Enforce Settlement Agreement"). Dkt. 23. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be **GRANTED**.[1]

## BACKGROUND

This case concerns a piece of real property located at 2619 North Camden Parkway, Houston, Texas 77067 (the "Property"). Plaintiffs Rosetta Peacock and James Earl Perry, Jr. (collectively, "Plaintiffs") originally filed suit in state district court against Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-1, and Carrington Mortgage Services, LLC (collectively, "Defendants"), seeking to enjoin a foreclosure sale, obtain a

---

[1] Because a ruling on the Motion to Enforce Settlement Agreement is dispositive of the claims asserted in this matter, I am issuing a Memorandum and Recommendation as opposed to an Order and Opinion. *See Coleman v. City of Opelousas*, No. 6:20-CV-01469, 2021 WL 3812483, at *1 (W.D. La. July 23, 2021) (holding that a motion to enforce a settlement agreement is dispositive and, therefore, properly "presented as a report and recommendation in accordance with the provisions of 28 U.S.C. § 636").

declaratory judgment that the home equity deed of trust at issue is void and unenforceable, and recover monetary damages. Plaintiffs allege causes of action for breach of contract, negligent misrepresentation, and violations of the Real Estate Settlement Procedures Act, Regulation X of the Code of Federal Regulations, and the Texas Debt Collection Practices Act. Defendants removed the case to federal court based on diversity jurisdiction and federal question jurisdiction.

On the morning of December 3, 2021, as the parties were preparing for docket call, Defendants' counsel made the following settlement proposal to Plaintiffs' counsel by email:

> If your clients dismiss the lawsuit with prejudice, my client will give them 90 days to sell or refinance the property, and this firm's attorney's fees will be added to the loan balance. If your client[s] can't sell or refinance and pay the entire balance owed within 90 days, your clients will agree not to contest a foreclosure in March 2022.

Dkt. 23-1 at 5. Within four minutes of receiving that email, Plaintiffs' counsel made a counteroffer: "We will agree if it can be April." *Id.* Early that same afternoon, Defendants' counsel accepted the offer, writing in an email: "We have a deal. Please confirm by reply email that our agreement as set forth in this email thread is a binding [R]ule 11 agreement." *Id.* at 3. A few minutes later, Plaintiffs confirmed that a settlement had been reached: "Yes, I confirm." *Id.* Docket call was held later that same afternoon. The minutes from that court proceeding reflect as follows: "The Court held docket call as stated on the record. The parties announced that the case has settled." Dkt. 21.

In late December 2021, Defendants' counsel emailed a Settlement Agreement and Mutual Release for Plaintiffs to sign. This is where the train went off the rails. Plaintiffs refused to sign the written agreement and have indicated that they no longer desire to follow through with the settlement. *See* Dkt. 26 at 3.

Defendants now request an order enforcing the parties' settlement agreement. Plaintiffs did not respond to Defendants' Motion to Enforce the Settlement Agreement.

## ANALYSIS

The Fifth Circuit has recognized that "a district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020) (cleaned up). This case is before me on both diversity jurisdiction and federal-question jurisdiction grounds.

A federal court sitting in diversity applies the law of the forum state when deciding whether to enforce a settlement agreement. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 266 (5th Cir. 1995). "More specifically, the enforceability of a settlement agreement in a diversity case tried in a federal district court in Texas is governed by the provisions of Rule 11 [of the] Texas Rules of Civil Procedure." *Borden v. Banacom Mfg. and Mktg., Inc.*, 698 F. Supp. 121, 123 (N.D. Tex. 1988). Under Rule 11, a settlement agreement is enforceable only if it is (1) "in writing, signed and filed with the papers as part of the record" or (2) "made in open court and entered of record." TEX. R. CIV. P. 11.

A federal court exercising federal-question jurisdiction looks to federal law to determine whether the settlement agreement is valid and enforceable when the parties derive their substantive rights and liabilities from federal law. *See Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Under federal law, a settlement agreement is a contract. *See Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992). Thus, "a binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance." *Chen v. Highland Cap. Mgmt., L.P.*, No. 3:10-CV-1039-D, 2012 WL 5935602, at *2 (N.D. Tex. Nov. 27, 2012) (cleaned up).

As far as enforcing a settlement agreement is concerned, the only substantive difference between federal law and Texas law is that "[f]ederal law does

not require settlement agreements to be reduced to writing." *E.E.O.C. v. Philip Servs. Corp.*, 635 F.3d 164, 167 (5th Cir. 2011). That is of no moment here since Defendants are not seeking to enforce an oral agreement. In this case, the purported settlement agreement consists of an email exchange. No matter whether federal law or Texas law applies, the result in this case is the same. Nonetheless, out of an abundance of caution, I will assess the enforceability of the settlement agreement at issue under both Texas and federal law.

**Texas Law**: As noted, to be enforceable under Texas law, the settlement agreement must be: (1) in writing; (2) signed; and (3) filed as part of the record. *See* TEX. R. CIV. P. 11. All three requirements are easily met here.

First, the "in writing" requirement is met when there is "a written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (quotation omitted). An email exchange satisfies the "in writing" requirement so long as it contains the material details and essential elements of the parties' agreement. *See Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health & Hum. Servs.*, 540 S.W.3d 553, 561 (Tex. 2018) (finding that an email agreement satisfied Rule 11's "in writing" requirement); *Limon-Hernandez v. Target Corp.*, No. 3:19-CV-2817-N, 2021 WL 3812159, at *1 (N.D. Tex. Mar. 10, 2021) (same).

Second, Rule 11 requires not simply a writing, but a signed writing. Some courts have held that a name or email address in the "from" field of an email satisfies the signed writing requirement. *See Limon-Hernandez*, 2021 WL 3812159, at *2. *See also Khoury v. Tomlinson*, 518 S.W.3d 568, 576 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (holding that the name or email address in the "from" field satisfied the Texas Uniform Electronic Transactions Act's signature requirement). Here, the names and email addresses of the lawyers are readily apparent in the "from" field of the email exchange. Even more persuasive is the

4

fact that each lawyer typed his name under the text of each email, indicating that the parties fully intended to conduct the settlement transaction by electronic means.

Third, the relevant email exchange has been filed as part of the record. *See* Dkt. 23-1 at 3–6.

Because the settlement agreement between Plaintiffs and Defendants is in writing, signed, and filed as part of the record, I conclude under Texas state law that a valid and enforceable settlement exists.

**Federal Law**: The result is no different under federal law. An agreement on all essential terms, with no material matters left open to negotiate, creates a binding and enforceable settlement. *See Lee v. Gulf Coast Blood Ctr.*, No. CV H-19-4315, 2020 WL 4700896, at *5 (S.D. Tex. Aug. 13, 2020) (citing *APS Cap. Corp. v. Mesa Air Grp., Inc.*, 580 F.3d 265, 272 (5th Cir. 2009)). If the parties' communications indicate that an agreement had been reached and there are no material terms outstanding to negotiate, a district court can enforce a settlement agreement made by email. *See Lozano v. Metro. Transit Auth. of Harris Cnty.*, No. H-14-1297, 2016 WL 3906295, at *8 (S.D. Tex. 2016). A party who "changes his mind when presented with the settlement documents . . . remains bound by the terms of the agreement" if the parties agreed to all material terms. *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).

In the present matter, the email exchange between the parties establishes that the parties entered into a binding settlement. All the material terms of the settlement are spelled out in the email exchange: Plaintiff have "90 days to sell or refinance the property," "attorney's fees will be added to the loan balance," and Plaintiffs will not "contest a foreclosure in" April 2022. Dkt. 23-1 at 5. To top it off Plaintiff's counsel expressly accepted these terms by confirming that the terms "set forth in this email thread [constitute] a binding rule 11 agreement." *Id.* at 3. Federal law thus requires that the settlement be enforced.

## CONCLUSION

For the reasons set for the above, I recommend that the Motion to Enforce Settlement Agreement be **GRANTED** and an order be entered enforcing the terms of the settlement. Specifically, I recommend the Court order that: (1) Plaintiffs had until April 1, 2022 to either sell the Property or refinance the Property with another lender; (2) Defendants may proceed with a foreclosure and trustee's sale of the Property in April 2022; (3) Defendants are awarded reasonable and necessary attorney's fees in the amount of $47,900.50,[2] which should be added to the loan on the Property; and (4) Plaintiffs' claims are dismissed with prejudice to refiling.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 19th day of April 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants have submitted unrebutted evidence that they have incurred this sum in defending this action.